UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:16-cv-05769-CAS(PJWx) | Date | November 19, 2018 |
|---|---|---|---|
| Title | GREGORY C. JAMES v. J2 CLOUD SERVICES INC. ET AL. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Obi Iloputaife

Attorneys Present for Defendants:

Guy Ruttenberg
Bassil Madanat

Robert Taylor (In house)

**Proceedings:** DEFENDANTS J2 CLOUD SERVICES, LLC AND ADVANCED MESSAGING TECHNOLOGIES' MOTION TO DISMISS (Dkt. 59, filed October 22, 2018)

## I. INTRODUCTION

On August 3, 2016, plaintiff Gregory C. James filed the instant action against defendants j2 Cloud Services, Inc. and Advanced Messaging Technologies, Inc. ("AMT"). Dkt. 1. On September 27, 2016, plaintiff filed his first amended complaint ("FAC"), adding j2 Cloud Services, LLC ("j2") as a defendant. Dkt. 15. On October 31, 2016, j2 and AMT ("defendants") filed a motion to dismiss all plaintiff's claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1] Dkt. 28-1. On December 19, 2016, the Court granted defendants' motion to dismiss for lack of subject matter jurisdiction. Dkt. 37. On appeal, the Federal Circuit reversed and remanded as to the dismissal for lack of subject matter jurisdiction. Dkt. 48. After remand, plaintiff filed a second amended complaint on October 1, 2018. Dkt. 56 ("SAC").

Plaintiff asserts four claims against defendants: (1) correction of inventorship pursuant to 35 U.S.C. § 256; (2) unjust enrichment; (3) common law conversion; and (4) unfair competition under California Business and Professions Code §§ 17200 et seq. The gravamen of plaintiff's complaint is that j2 Cloud Services, Inc. and j2 Cloud Services, LLC (collectively, "JFAX") wrongfully patented inventions that plaintiff created, without

---

[1] Defendants state that j2 and AMT are JFAX's successors-in-interest. See dkt. 28-1 at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:16-cv-05769-CAS(PJWx) | Date | November 19, 2018 |
|---|---|---|---|
| Title | GREGORY C. JAMES v. J2 CLOUD SERVICES INC. ET AL. | | |

crediting plaintiff as the inventor.

Defendants filed the instant motion to dismiss on October 22, 2018. Dkt. 59. ("Mot."). Plaintiff filed his opposition on October 29, 2018, dkt. 61 ("Opp'n"),[2] and defendants filed their reply on November 5, 2018, dkt. 63 ("Reply").

The Court held a hearing on November 19, 2018. After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff alleges that, in or about November 1995, while residing and working in Australia, plaintiff was introduced to JFAX, which required assistance to develop, design, and implement software solutions that would provide fax-to-email, email-to-fax, and voicemail-to-email functionalities. SAC ¶¶ 11–13. Plaintiff and JFAX chairman and CEO, Jack Rieley agreed that plaintiff, as a consultant to JFAX, would develop such software. Id. ¶ 13. Plaintiff alleges that "[n]obody at JFAX provided input" about how plaintiff should create the software systems that JFAX wanted. Id. ¶ 14. Nonetheless, plaintiff also avers that JFAX communicated to him that JFAX needed a system that could receive fax and voicemail transmissions over a telephone line and convert and forward the received transmissions to a recipient's email address. Id.

Plaintiff alleges that he wrote a software program that provided fax-to-email functionality ("Inbound Fax System") in November and December 1995. Id. at 15. Plaintiff traveled to New York in January of 1996 to install the Inbound Fax System and to connect the communications networks. Id. ¶ 17.

On February 11, 1996, plaintiff and Rieley executed a Software Development Agreement. Id. ¶ 18. Plaintiff attaches this agreement to his complaint as Exhibit A. See

---

[2] Plaintiff also filed a request for judicial notice of numerous court orders and opinions that are available through online legal research services. Dkt. 62. Plaintiff does not request judicial notice of any facts. Rather, it appears that plaintiff is providing courtesy copies of the legal authority that it relies on in its opposition. The Court denies plaintiff's request for judicial notice because the procedure for judicial notice under Federal Rule of Evidence 201 applies only to adjudicative facts, not legal precedent. Moreover, the Court need not take judicial notice of these decisions to conduct its legal analysis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:16-cv-05769-CAS(PJWx) | Date | November 19, 2018 |
|---|---|---|---|
| Title | GREGORY C. JAMES v. J2 CLOUD SERVICES INC. ET AL. | | |

dkt. 56-1 ("SDA"). Under the terms of the SDA, plaintiff received shares of JFAX to develop the fax-to-email, email-to-fax, and voicemail-to-email functionalities. See SDA § 5. While plaintiff alleges that he completed work on the fax-to-email software prior to the execution of the SDA, see SAC ¶ 15–18, the SDA states that plaintiff developed the fax-to-email product as an "independent contractor" for JFAX and in consideration for shares of JFAX. See SDA at 1, § 5.

Between January and July 1996, while in New York, plaintiff created software to enable email-to-fax functionalities ("Outbound System"). SAC ¶ 27. Plaintiff alleges that the only instruction he received from anyone at JFAX was that they needed a system for converting and sending an email message to a recipient's fax machine over a telephone network. Id.

In or around April 1996, while in New York, plaintiff created software to enable voicemail-to-email functionalities. Id. ¶ 32. Plaintiff alleges that the only instruction he received from JFAX was their request for a system for converting and sending a voicemail message to a recipient's email address. Id.

On August 30, 1996, plaintiff assigned all copyrights to the software for the Inbound Fax System, Outbound System, and Voicemail System to JFAX. Id. ¶ 37; see also id. Ex. A at 6–8 ("Copyright Assignments"). Plaintiff alleges that he did not assign any patent ownership or inventorship rights to JFAX or any other entities for the inventions embodied in those three systems. SAC ¶ 37.

On September 23, 1996, a New York Times article was published stating that JFAX was born "[a]fter two years of intensive work by an Australian telecommunications software development team." Id. ¶ 39 & Ex. B.

On April 1, 1997, JFAX filed for a patent application entitled "Method and Apparatus for Transmission and Retrieval of Facsimile and Audio Messages over a Circuit or Packet Switched Network," naming Rieley and Jaye Muller, JFAX's president, as the only two inventors. SAC ¶ 40. The application issued as U.S. Patent No. 6,208,638 (the "'638 Patent") on March 27, 2001. Id. & Ex. C.

In November 2013, plaintiff became aware of the patent application because he was contacted by attorneys representing a defendant in patent infringement litigation involving the '638 Patent. SAC ¶ 41. Until that time, plaintiff contends that he had no knowledge that JFAX had "fraudulently filed a patent application for his invention and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-05769-CAS(PJWx) | Date | November 19, 2018 |
| Title | GREGORY C. JAMES v. J2 CLOUD SERVICES INC. ET AL. | | |

omitted him from being the named inventor of the '638 patent." Id. Plaintiff also alleges that he had no reason to believe JFAX would seek patent protection of the systems that plaintiff developed because the parties never addressed how any resulting patent rights would be handled. Id. ¶ 42. Accordingly, plaintiff "had no motivation to scour the United States Patent and Trademark Office ("USPTO") each year to determine whether he should have been named as an inventor on any patents filed by JFAX." Id.

Plaintiff alleges that j2 has falsely represented and warranted that it owns the exclusive rights to the '638 Patent. Id. ¶¶ 44–45. Plaintiff claims the sole inventorship and ownership of the '638 Patent, the claims of which were conceived solely by plaintiff. Id. ¶¶ 46–120. Therefore, pursuant to 35 U.S.C. § 256, he seeks "to be named as the sole inventor of the '638 patent." Id. ¶ 129. Plaintiff's state law claims derive from plaintiff's assertion that he is the sole inventor of the '638 patent and that defendants fraudulently and improperly submitted a patent application which omitted his role as an inventor of the technology. Id. ¶¶ 136, 146, 154.

## III. LEGAL STANDARDS

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. (internal citations omitted).

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-05769-CAS(PJWx) | Date | November 19, 2018 |
| Title | GREGORY C. JAMES v. J2 CLOUD SERVICES INC. ET AL. | | |

conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

"[T]he field of federal patent law preempts any state law that purports to define rights based on inventorship." Univ. of Colorado Found., Inc. v. Am. Cyanamid Co., 196 F.3d 1366, 1372 (Fed. Cir. 1999) ("American Cynamid I"). Under a theory of conflict preemption, "federal preemption occurs whenever a state law impermissibly attempts to provide patent-like protection to subject matter addressed by federal patent law." Gerawan Farming, Inc. v. Rehrig P. Co., No. 1:11-CV-01273-LJO, 2012 WL 691758, at *7 (E.D. Cal. Mar. 2, 2012). See also Hunter Douglas, Inc. v. Harmonic Design, Inc., 153 F.3d 1318, 1332 (Fed. Cir. 1998) (overruled on other grounds by Midwest Industries,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | | |
|---|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** | |
| Case No. | 2:16-cv-05769-CAS(PJWx) | Date | November 19, 2018 | |
| Title | GREGORY C. JAMES v. J2 CLOUD SERVICES INC. ET AL. | | | |

Inc. v. Karavan Trailers, Inc. 175 F.3d 1356 (Fed. Cir. 1999)) ("If a plaintiff bases its tort action on conduct that is protected or governed by federal patent law, then the plaintiff may not invoke the state law remedy, which must be preempted for conflict with federal patent law."). The analysis for conflict preemption focuses on "the conduct that forms the basis of the state law claim." Methode Electronics, 2000 WL 1157933, at *2 (N.D. Cal. May 4, 2000). "Claims that are dependent on a determination of patent inventorship or ownership, such as a misappropriation of patent rights, are generally preempted by federal patent law." Gerawan Farming, 2012 WL 691758, at *7.

Defendants argue that plaintiff's state law claims are preempted by federal patent law because those claims are premised on the contention that plaintiff, not Rieley and Muller, should have been named as an inventor on the '638 Patent. Plaintiff does not respond to defendants' preemption argument with respect to his conversion claim, but argues that his unjust enrichment and unfair competition claims are not preempted because they are based on defendants' "unjustifiable claims for ownership of the '638 patent and its subsequent misuse, which is wholly separate from inventorship," opp'n at 14 (emphasis in the original), and on defendants' "malfeasance following its fraudulent omission of [plaintiff] as the sole inventor," id. at 18. Despite plaintiff's characterization of his claims in his opposition, the Court finds that plaintiff's state law claims, as pleaded in the second amended complaint, are preempted by federal patent law.[3]

### i. Preemption and Unjust Enrichment

Plaintiff's unjust enrichment claim is based on allegations that he is the "sole inventor and owner of the '638 patent," SAC ¶ 132, that he provided defendants with "his valuable inventions . . . and expected it to be treated as a trade secret," id. ¶ 135, and that defendants "deliberately and fraudulently filed the application that led to the issuance of the '638 patent naming Rieley and Muller as the inventors, instead of [plaintiff] as the sole inventor," id. ¶ 136. While it is difficult to discern an unjust enrichment claim from the face of plaintiff's complaint, it appears that the essence of this claim is that defendants have unjustly earned licensing revenue and incremental profits as the result of filing a patent application that did not name plaintiff as the sole inventor.

---

[3] At oral argument, defendants urged the Court to dismiss plaintiff's claims on statute of limitations grounds. The Court indicated that it would not be inclined to grant defendants' motion on this grounds at the pleading stage.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-05769-CAS(PJWx) | Date | November 19, 2018 |
| Title | GREGORY C. JAMES v. J2 CLOUD SERVICES INC. ET AL. | | |

The Court finds that plaintiff's unjust enrichment claim, as pleaded, appears to be preempted by federal patent law because it is fundamentally based on plaintiff's assertion that he should have been named on the '638 Patent. See Methode Electronics Inc. v. Hewlett-Packard Co., No. C 99-04214 SBA, 2000 WL 1157933, at *2–3 (N.D. Cal. May 4, 2000) (dismissing unjust enrichment counterclaim because the "fundamental premise" of that claim was that the plaintiff should have named the defendant on the patent and explaining that federal patent law governs the disclosure of information during patent proceedings); Cynamid I, 196 F.3d at 1371–72 (finding that an unjust enrichment claim was not preempted because it "springs not from an attempt to enforce intellectual property rights, but instead from [the] alleged wrongful use of [confidential] research results").

The Court acknowledges that plaintiff's unjust enrichment claim would not be preempted if it were not based on plaintiff's assertion of intellectual property rights. For example, in University of Colorado Foundation, Inc. v. American Cynamid Company, 342 F.3d 1298 (Fed. Cir. 2003) ("American Cynamid II"), Cynamid entered into a confidentiality agreement with University of Colorado's researchers in which it agreed not to disseminate the researchers' ideas without their consent. Id. Cynamid, however, copied the plaintiffs' pre-publication manuscript into a patent application, held out the researchers' invention as its own, and secured a patent. Id. at 1298. The plaintiffs sought to remedy the breach of contract implied in law for disclosure of their confidential manuscript, and the Federal Circuit held that patent law did not preempt the researchers' unjust enrichment claim. Id. at 1306 ("[T]he Doctors' claim of unjust enrichment is a legal claim to remedy the breach of a contract implied in law for disclosure of their confidential manuscript in exchange for a promise not to disseminate the idea without the Doctors' consent. . . . The fact that Cyanamid improperly secured the '634 patent and used this patent to obtain incremental profits only pertains to restitution for the unjust enrichment claim.")

Plaintiff offers two alternative grounds for its unjust enrichment claim, both of which fail. First, plaintiff alleges that he expected his invention to be kept confidential. This allegation, if accepted as true, could possibly support an unjust enrichment claim under American Cynamid II. However, this allegation is directly controverted by the SDA which expressly allows defendants to "assign, sell or otherwise commercially distribute any code or compiled software" developed pursuant to the SDA. SDA § 6. Thus, this theory cannot serve as a basis for plaintiff's unjust enrichment claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-05769-CAS(PJWx) | Date | November 19, 2018 |
| Title | GREGORY C. JAMES v. J2 CLOUD SERVICES INC. ET AL. | | |

In his opposition, plaintiff also asserts that his unjust enrichment claim is based on the fraudulent concealment of defendants' patent application on the work plaintiff created. Opp'n at 15. Plaintiff's argument fails because a claim for fraudulent concealment requires, in part, a defendant to be under a duty to disclose a material fact to the plaintiff. See SCC Acquisitions Inc. v. Cent. Pac. Bank, 207 Cal. App. 4th 859, 864 (2012). At oral argument, plaintiff appeared to argue that his theory of defendants' duty to disclose is based on the Circuit Court's reasoning in American Cynamid I. In American Cynamid I, the Federal Circuit analyzed unjust enrichment and fraudulent concealment as two distinct claims for relief. 196 F.3d at 1371. With respect to fraudulent concealment, the Federal Circuit explained that the district court below had applied Colorado law to determine that Cynamid had an equitable duty to disclose the patent application to the true inventors. Id. at 1373. Plaintiff, however, fails to plead any specific facts or cite any California law establishing either that defendants were under a duty to disclose or that an independent contractor agreement creates a fiduciary relationship.

Accordingly, the Court **DISMISSES** plaintiff's unjust enrichment claim.

### ii.  Preemption and Conversion

Plaintiff's conversion claim is based on allegations that he is the "sole inventor and sole owner of the '638 patent," SAC ¶ 142, and that defendants thus converted plaintiff's "intangible property," id. ¶ 149, when they "concealed the filing of the patent application from [plaintiff]" and "deliberately and willfully left his name off of the application that has led to the issuance of the '638 patent," id. ¶¶ 146–47. Plaintiff's conversion claim is preempted by federal patent law because it is entirely based on plaintiff's claim that he is the rightful inventor and owner of the '638 Patent. See Gerawan Farming, Inc. v. Rehrig P. Co., No. 1:11-CV-01273-LJO, 2012 WL 691758, at *7 (E.D. Cal. Mar. 2, 2012) (dismissing the plaintiff's conversion claim because it was based on the misappropriation of his patent rights); GE v. Wilkins, No. 1:10-cv-00674-OWW, 2011 U.S. Dist. LEXIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-05769-CAS(PJWx) | Date | November 19, 2018 |
| Title | GREGORY C. JAMES v. J2 CLOUD SERVICES INC. ET AL. | | |

81479 (E.D. Cal. July 26, 2011) (explaining that a conversion claim based on the misappropriation of patent rights is preempted by federal patent law).

Accordingly, the Court **DISMISSES** plaintiff's conversion claim.

### iii. Preemption and Unfair Competition

Plaintiff's unfair competition claim is based on the allegation that defendants' "actions have deprived [plaintiff] of his rights as the sole inventor of the '638 patent." SAC ¶ 154. This claim is also preempted because it is entirely based on plaintiff's assertion of sole inventorship of the '638 Patent. See Methode Electronics, 2000 WL 1157933, at *2 (N.D. Cal. May 4, 2000) (dismissing unfair competition counterclaim because it hinged on the plaintiff's allegedly unfair assertion of sole ownership of the patents at issue).

Accordingly, the Court **DISMISSES** plaintiff's unfair competition claim.

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendants' motion to dismiss plaintiff's state law claims with leave to amend. Plaintiff may file an amended complaint on or before December 5, 2018.

IT IS SO ORDERED.

| | 00 | : | 14 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |