UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-05769-CAS(PJWx) | Date | January 14, 2019 |
| Title | GREGORY C. JAMES v. J2 CLOUD SERVICES INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Obi Iloputaife | | Guy Ruttenberg |
| Jayson Sohi | | Daniel Kadin |

**Proceedings:** PLAINTIFF'S MOTION FOR LEAVE TO FILE A FOURTH AMENDED COMPLAINT (Dkt. 73, filed December 5, 2018)

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT (Dkt. 79, filed December 14, 2018)

## I. INTRODUCTION

On August 3, 2016, plaintiff Gregory C. James filed the instant action against defendants j2 Cloud Services, Inc. and Advanced Messaging Technologies, Inc. Dkt. 1. The gravamen of this action is that defendants wrongfully patented inventions that plaintiff created, without crediting plaintiff as the inventor.

On September 27, 2016, plaintiff filed his first amended complaint ("FAC"), adding j2 Cloud Services, LLC as a defendant. Dkt. 15. On October 31, 2016, defendants filed a motion to dismiss all plaintiff's claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 28-1. On December 19, 2016, the Court granted defendants' motion to dismiss for lack of subject matter jurisdiction. Dkt. 37. On appeal, the Federal Circuit reversed and remanded as to the dismissal for lack of subject matter jurisdiction. Dkt. 48. After remand, plaintiff filed a second amended complaint on October 1, 2018. Dkt. 56 ("SAC"). The second amended complaint removed j2 Cloud Services, Inc. as a defendant. Id.

Plaintiff asserted four claims against defendants in his second amended complaint: (1) correction of inventorship pursuant to 35 U.S.C. § 256; (2) unjust enrichment; (3) common law conversion; and (4) unfair competition under California Business and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-05769-CAS(PJWx) | Date | January 14, 2019 |
| Title | GREGORY C. JAMES v. J2 CLOUD SERVICES INC. ET AL. | | |

Professions Code §§ 17200 et seq. On October 22, 2018, defendants filed a motion to dismiss plaintiff's state law claims. Dkt. 59. The Court granted the motion to dismiss plaintiff's state law claims with leave to amend on November 19, 2018. Dkt. 64. On November 26, 2018, plaintiff filed a third amended complaint which added a party and new claims, dkt. 65, which the Court subsequently struck because the plaintiff did not have leave to add new parties or claims, dkt. 71.

On November 30, 2018, plaintiff then filed a corrected third amended complaint which omitted the new defendant and claims, dkt. 72 ("TAC"), and filed the instant motion for leave to file a fourth amended complaint on December 5, 2018, dkt. 73 ("Mot."). Defendants filed an opposition on December 17, 2018, dkt. 80 ("Opp'n"), and plaintiff filed a reply on December 24, 2018, dkt. 82 ("Reply").

On December 14, 2018, while plaintiff's motion for leave to amend was pending, defendants filed the instant motion to dismiss plaintiff's third amended complaint. Dkt. 79. Plaintiff filed an opposition on December 24, 2018, dkt. 81, and defendants filed a reply on December 31, 2018, dkt. 83. The Court held a hearing on January 14, 2019.

After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff alleges that, in or about November 1995, while residing and working in Australia, plaintiff was introduced to JFAX Communications, Inc. ("JFAX"),[1] which required assistance to develop, design, and implement software solutions that would provide fax-to-email, email-to-fax, and voicemail-to-email functionalities. TAC ¶¶ 11–14. Plaintiff and JFAX chairman and CEO, Jack Rieley, agreed that plaintiff, as a consultant to JFAX, would develop such software. Id. ¶ 15. Plaintiff alleges that he wrote a software program that provided fax-to-email functionality ("Inbound Fax System") in November and December 1995. Id. ¶ 16. Plaintiff traveled to New York in January of 1996 to install the Inbound Fax System and to connect the communications networks. Id. ¶ 19.

---

[1] Defendants state that they are JFAX's successors-in-interest. See dkt. 28-1 at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:16-cv-05769-CAS(PJWx) | Date | January 14, 2019 |
| Title | GREGORY C. JAMES v. J2 CLOUD SERVICES INC. ET AL. | | |

On February 11, 1996, plaintiff and Rieley executed a Software Development Agreement. Id. ¶ 20. Plaintiff attaches this agreement to his complaint as Exhibit A. See dkt. 72-1 ("SDA"). Under the terms of the SDA, plaintiff received shares of JFAX to develop the fax-to-email, email-to-fax, and voicemail-to-email functionalities. See SDA § 5. While plaintiff alleges that he completed work on the fax-to-email software prior to the execution of the SDA, see TAC ¶¶ 16–20, the SDA states that plaintiff developed the fax-to-email product as an "independent contractor" for JFAX and in consideration for shares of JFAX, see SDA at 1, § 5.

Between January and July 1996, while in New York, plaintiff created software to enable email-to-fax functionalities ("Outbound System") and voicemail-to-email functionalities ("Voicemail System"). TAC ¶¶ 29, 34. On August 30, 1996, plaintiff assigned all copyrights to the software for the Inbound Fax System, Outbound System, and Voicemail System to JFAX. Id. ¶ 39; see also SDA at 6–8 ("Copyright Assignments"). Plaintiff alleges that he did not assign any patent ownership or inventorship rights to JFAX or any other entities for the inventions embodied in those three systems. TAC ¶ 39.

On April 1, 1997, JFAX filed for a patent application entitled "Method and Apparatus for Transmission and Retrieval of Facsimile and Audio Messages over a Circuit or Packet Switched Network," naming Rieley and Jaye Muller, JFAX's president, as the only two inventors. TAC ¶ 43. The application issued as U.S. Patent No. 6,208,638 ("the '638 Patent") on March 27, 2001. Id. ¶ 44, Ex. C.

In November 2013, plaintiff became aware of the patent application because he was contacted by attorneys representing a defendant in patent infringement litigation involving the '638 Patent. Id. ¶ 47. Until that time, plaintiff contends that he had no knowledge that JFAX had "fraudulently filed a patent application for his invention and omitted him from being the named inventor of the '638 patent." Id. Plaintiff also alleges that he had no reason to believe JFAX would seek patent protection of the systems that plaintiff developed because the parties never addressed how any resulting patent rights would be handled. Id. ¶ 48. Accordingly, plaintiff "had no reason to scour the United States Patent and Trademark Office ("USPTO") each year for patents issued to JFAX to determine whether he should have been named as an inventor on any patents filed by JFAX." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-05769-CAS(PJWx) | Date | January 14, 2019 |
| Title | GREGORY C. JAMES v. J2 CLOUD SERVICES INC. ET AL. | | |

Plaintiff alleges that j2 Cloud has falsely represented and warranted that it owns the exclusive rights to the '638 Patent. Id. ¶¶ 49–50. Plaintiff claims the sole inventorship and ownership of the '638 Patent, the claims of which were conceived solely by plaintiff. Id. ¶¶ 52–127.

### III.  LEGAL STANDARDS

As a preliminary matter, the Court must decide whether Federal Rule of Civil Procedure 15(a) or 16(b) applies. Generally, a court grants a motion for leave to amend pleadings pursuant to the permissive standard of Rule 15(a). Martinez v. Newport Beach City, 125 F.3d 777, 785 (9th Cir.1997). However, if the district court has entered a scheduling order establishing a deadline for amending pleadings, Rule 16(b) applies once the deadline has passed. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir.2000). This is because once the scheduling order deadline passes, the court must modify the scheduling order to permit an amendment. Judge Beverly Reid O'Connell & Judge Karen L. Stevenson, Federal Civil Procedure Before Trial (2018) § 8:1469 (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).

Here, the Court entered a scheduling order on October 1, 2018, which does not set a specific deadline for amending the complaint but otherwise sets a deadline for completing discovery and a briefing schedule for defendant's motion to dismiss and motion for summary judgment. Dkt. 58 ("Scheduling Order"). Plaintiff filed the instant motion for leave to amend one month after the Court entered a scheduling order on October 1, 2018. Although the briefing schedule does not set a deadline for filing an amended complaint, some of plaintiff's proposed amendments would require modifications to the scheduling order. Accordingly, Rule 16(b) provides the applicable standard for plaintiff's proposed amendments that would require modifications to the scheduling order. See, e.g., Jones v. City of Tulare, No. 1:17-CV-1260-SKO, 2018 WL 6271577, at *3 (E.D. Cal. Nov. 30, 2018) ("Although the Court's scheduling Order does not set a specific deadline for amending the complaint, Plaintiffs' motion to amend the complaint is governed by Rule 16(b)(4) because granting Plaintiffs leave to amend the complaint would require amending other dates in the Scheduling Order."). Rule 15(a) applies to the proposed amendments that would not require modifications to the scheduling order.

Rule 16(b)(4) provides that a scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This requirement "primarily considers the diligence of the party seeking the amendment." Johnson v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-05769-CAS(PJWx) | Date | January 14, 2019 |
| Title | GREGORY C. JAMES v. J2 CLOUD SERVICES INC. ET AL. | | |

Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The scheduling order may be modified only "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." Id.

If the moving party shows good cause under Rule 16(b), the court applies Rule 15(a)'s liberal standards in determining whether to grant leave to amend. Id. at 608. Rule 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, leave to amend is "denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." Chudacoff v. Univ. Med. Ctr. of S. Nevada, 649 F.3d 1143, 1152 (9th Cir. 2011) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Rule 15(a) "is to be applied with extreme liberality," Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990), and whether to permit amendment is a decision "entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982).

## IV. DISCUSSION

Plaintiff requests leave to file a fourth amended complaint that amends the third amended complaint in the following manner: (1) adds claims for correction of inventorship on four additional patents: U.S. Patent Nos. 6,597,688 ("the '688 Patent"); 7,020,132 ("the '132 Patent"); 7,769,001 ("the '001 Patent"); and 8,249,062 ("the '062 Patent"); (2) adds j2 Global, Inc. as a defendant; and (3) adds a claim for fraudulent concealment. Mot. at 2, 4, 6. Plaintiff also, without requesting leave to amend in this respect, adds the following language (which the Court has italicized) to his prayer for relief: "For an order pursuant to 35 U.S.C. § 256 to the USPTO to correct the '638 patent to name Gregory C. James as the sole inventor, *or in the alternative as a joint inventor*[.]" Dkt. 73-1 at 45.

The Court will address each proposed addition in turn.

### A. The Addition of Four Patent Claims

Plaintiff requests leave to add correction of inventorship claims for four additional patents. Mot. at 2. He explains that his counsel sent a draft complaint to defendants' counsel on May 2, 2016, which included these four additional patents, but that these

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-05769-CAS(PJWx) | Date | January 14, 2019 |
| Title | GREGORY C. JAMES v. J2 CLOUD SERVICES INC. ET AL. | | |

patents were omitted from the original complaint filed on August 3, 2016, because plaintiff did not have corroborating evidence to support his inventorship claims for those patents at that time. Id. at 2–3. Plaintiff explains that his delay in adding these additional patent claims is due to the fact that his counsel needed to review prior deposition testimony from the named inventors of those patents to seek corroborating evidence for plaintiff's claim that he was at least a co-inventor on those patents. Id. at 7. However, according to plaintiff's counsel, that information was located on a hard disk that crashed in 2014, and he was unable to find the password to unlock a DVD that also contained the information until October 5, 2018. Id. at 7–8.

Defendants respond that these additional patent claims are subject to mandatory arbitration pursuant to the SDA, and that defendants only agreed to waive arbitration with respect to claims related to the '638 Patent. Opp'n at 1. Plaintiff does not respond to defendants' argument that plaintiff's additional patent claims are subject to arbitration. Defendants further argue that these proposed claims concern different patents and different inventors and would thus require additional discovery and modifications to scheduling order. Opp'n at 6–8, 10. The parties agreed that they would complete limited discovery by December 31, 2018, and that defendants would file a summary judgment motion by February 4, 2019. Scheduling Order at 1–2. Defendants argue, and the Court agrees, that the addition of these patent claims would require modifications to the scheduling order to allow the parties to conduct discovery with respect to the additional claims prior to the filing of defendants' motion for summary judgment. Accordingly, plaintiff must demonstrate good cause pursuant to Rule 16(b) to amend the third amended complaint to add new patent claims.

The Court is not persuaded by plaintiff's proffered reasons for his delay. Plaintiff claims that he could not add claims related to these patents earlier because he needed corroborating evidence, yet plaintiff provides no explanation for why it took his counsel four years to find the DVD or the password to unlock that DVD. Moreover, the proposed fourth amended complaint is devoid of any new, recently-discovered corroborating facts. For his proposed correction of inventorship claim of the '688 Patent, plaintiff points to the same alleged facts that he uses to corroborate his claim with respect to the '638 Patent. See Dkt. 73-1, ¶¶ 165–166, 178–179. Plaintiff makes no allegations of corroborating facts with respect to the other three patents. Accordingly, the Court finds that plaintiff has not demonstrated that he acted diligently in seeking to amend the complaint to add claims related to these four additional patents. Furthermore, the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:16-cv-05769-CAS(PJWx) | Date | January 14, 2019 |
| Title | GREGORY C. JAMES v. J2 CLOUD SERVICES INC. ET AL. | | |

concludes that the addition of these claims would fundamentally alter the nature of this litigation, and that these claims are better suited to be raised in a new action.

Accordingly, the Court **DENIES** plaintiff's request for leave to file the fourth amended complaint to the extent plaintiff seeks to add claims related to the '688, '132, '001, and '062 Patents.

### B.     The Addition of j2 Global, Inc. as a Defendant

The Third Amended Complaint names j2 Cloud Services, LLC and Advanced Messaging Technologies, Inc. as defendants. TAC at 1. Plaintiff seeks leave to amend to add j2 Global, Inc as a defendant. Mot. at 4. Plaintiff argues that he initially worked for JFAX, that JFAX changed its name over the years, and that its current name is j2 Global, Inc. Id. at 1. Plaintiff represents that he did not name j2 Global, Inc. as a defendant in earlier complaints because there has been some confusion as to whether j2 Global, Inc. is a proper defendant due to various name changes over the years and misrepresentations by defendants' counsel. Id. at 1–3.

Defendants do not appear to argue that plaintiff's proposed amendment would alter the scheduling order, thus the Court will apply the more liberal Rule 15(a) standard to plaintiff's request to add j2 Global, Inc. as a defendant. Defendants argue that this amendment would be futile because j2 Global, Inc. is a newly formed entity incorporated on May 29, 2014, and is thus not a proper defendant. Opp'n at 16. Plaintiff does not respond to this argument, but instead argues that j2 Global, Inc. has been an exclusive licensee of the '638 Patent since 2014, and has thus been unjustly enriched by the unlawful conduct of the defendants. Reply at 2. Given the parties' dispute as to whether j2 Global, Inc. is a successor-in-interest to JFAX, the Court finds that this issue is better resolved on a motion to dismiss or a motion for summary judgment.

Accordingly, the Court **GRANTS** plaintiff's request for leave to file the fourth amended complaint to the extent plaintiff seeks to add j2 Global, Inc. as a defendant.

### C.     The Addition of a Claim for Fraudulent Concealment

Plaintiff seeks leave to amend to add a claim for fraudulent concealment. Mot. at 6. It does not appear that this proposed amendment would require modifications to the scheduling order, thus the Court will apply the more liberal Rule 15(a) standard to plaintiff's request to add this claim. Defendants argue that plaintiff's claim for fraudulent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:16-cv-05769-CAS(PJWx) | Date | January 14, 2019 |
| Title | GREGORY C. JAMES v. J2 CLOUD SERVICES INC. ET AL. | | |

concealment is largely duplicative of his claim for unjust enrichment, and that this duplicative claim is futile because it is preempted by Federal patent law, inadequately pled, and barred by the statute of limitations. Opp'n at 17–21. The Court has reviewed plaintiff's proposed fourth amended complaint and finds that his claim for fraudulent concealment is not so obviously futile that he should not be given leave to add this claim. The Court finds defendants' arguments more properly addressed on a motion to dismiss. See, e.g., SAEs Getters S.p.A. v. Aeronex, Inc., 219 F.Supp.2d 1081, 1086 (S.D. Cal. 2002) ("While courts will determine the legal sufficiency of a proposed amendment using the same standard as applied on a Rule 12(b)(6) motion . . . such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend.").

Accordingly, the Court **GRANTS** plaintiff's request for leave to file the fourth amended complaint to the extent plaintiff seeks to add a claim for fraudulent concealment.

### D. The Addition of a New Theory of Joint Inventorship for the '638 Patent

Defendants object to the addition of new language in the prayer for relief of plaintiff's proposed fourth amended complaint where plaintiff requests an order to correct the '638 patent to name plaintiff as the sole inventor, *or in the alternative as a joint inventor*. Opp'n at 21 (citing Dkt. 73-1, Prayer for Relief ¶ A) (emphasis added). At hearing, plaintiff explained that the addition of this language was an error and agreed to omit this language from the fourth amended complaint.

### V. CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiff's request for leave to file the fourth amended complaint to the extent plaintiff seeks to add claims related to the '688, '132, '001, and '062 Patents.

The Court **GRANTS** plaintiff's request for leave to file the fourth amended complaint to the extent plaintiff seeks to add j2 Global, Inc. as a defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:16-cv-05769-CAS(PJWx) | Date | January 14, 2019 |
|---|---|---|---|
| Title | GREGORY C. JAMES v. J2 CLOUD SERVICES INC. ET AL. | | |

The Court **GRANTS** plaintiff's request for leave to file the fourth amended complaint to the extent plaintiff seeks to add a claim for fraudulent concealment.

The Court **DENIES** defendants' motion to dismiss plaintiff's third amended complaint as moot, without prejudice to raising the same arguments in a motion to dismiss plaintiff's fourth amended complaint.

The Court will not entertain further requests by plaintiff to amend the operative complaint absent a showing of extremely good cause.

Plaintiff shall file an amended complaint on or before January 18, 2019.

IT IS SO ORDERED.

|  | 00 | : | 09 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |